UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTAL MOSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:24-CV-2327-B |
| | § | |
| SF DALLAS 88, LLC, d/b/a SUGAR | § | |
| FACTORY and JE'MIRACLE MCCOY, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Christal Mosley's Motion to Remand (Doc. 6). For the following reasons, the Court **DENIES** Mosley's Motion and **DISMISSES** Defendant Je'Miracle McCoy **WITHOUT PREJUDICE**.

### I.
### BACKGROUND

On an August evening, Christal Mosley went to the Sugar Factory to celebrate her cousin's birthday. Doc. 1-4, Pet., ¶ 8. But the festivities turned sour when Mosley slipped on an unknown liquid and fell to the floor at the hostess station. *Id.* ¶¶ 8–9. After the hostess and manager at the Sugar Factory, McCoy, saw Mosley fall, she said she knew about the liquid. *Id.* ¶ 9. But there were no signs warning patrons of liquid on the floor. *Id.* ¶ 10.

Mosley brought claims against McCoy and SF Dallas 88, LLC, d/b/a Sugar Factory ("Sugar Factory") in state court for premises liability, gross negligence, and negligent hiring. *See id.* ¶¶ 12–26. Mosley is a citizen of Texas. *Id.* ¶ 1. McCoy is also a citizen of Texas, while Sugar Factory is a citizen of Nevada. Doc. 1, Notice Removal, 3–4. Sugar Factory removed the case to federal court,

arguing that McCoy was improperly joined and, as a result, the Court has diversity jurisdiction over the case. *Id.* at 4. Mosley filed a Motion to Remand. Doc. 6. The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* (citation omitted). Because the burden falls on a defendant to establish jurisdiction, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

A defendant may remove a case from state to federal court based on diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Federal district courts possess diversity jurisdiction over civil cases in which the amount in controversy exceeds $75,000 and there is complete diversity among the parties. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, which is "[t]he concept . . . that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted).

When complete diversity is lacking, a defendant may nevertheless remove a case to federal court if the defendant who destroys diversity is improperly joined. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). A court must find, "[a]fter all disputed questions of fact and all

ambiguities in the controlling state law are resolved in favor of the nonremoving party," that the plaintiff has no reasonable basis for recovering from the defendant in state court. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (citations omitted). A mere *theoretical* possibility of recovery is insufficient. *Id.*

### III.

### ANALYSIS

Although complete diversity did not exist at the time of removal, Mosley's Motion to Remand is denied because the Court finds McCoy was improperly joined. A removing party claiming improper joinder has the burden of proof and must establish either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. Here, Sugar Factory established that Mosley has no reasonable basis for recovering against McCoy in Texas court. Doc. 1, Notice Removal, 4; *see Travis*, 326 F.3d at 648.

In Texas, individual liability for corporate employees arises "only when the officer or agent owes an independent duty of reasonable care to the injured party *apart from the employer's duty.*" *Leitch v. Hornsby*, 935 S.W.2d 114, 116 (Tex. 1996) (emphasis added); *see also Tri v. J.T.T.*, 162 S.W.3d 552, 562–63 (Tex. 2005) (applying this rule in a premises liability case involving an invitor-invitees relationship). Mosley only asserts a premises liability claim against McCoy, in which she almost exclusively discusses Sugar Factory's duty of care. Doc. 1-4, Pet., ¶¶ 12–17; *see id.* ¶¶ 18–22 (pleading a gross negligence claim solely against Sugar Factory); *id.* ¶¶ 12–24 (pleading a negligent hiring, supervision, training, or retention claim against Sugar Factory for its hiring and supervision of McCoy); *id.* ¶¶ 25–26 (pleading a respondeat superior claim against Sugar Factory).

-3-

Sugar Factory had a duty to warn Mosley of dangerous conditions because "[u]nder Texas law, a landowner has a general duty towards invitees to either make safe or warn against dangerous conditions on the premises." *Oliver v. Wal-Mart Stores Tex., LLC*, 748 F. Supp. 3d 433, 436 (N.D. Tex. 2024) (Godbey, C.J.) (citing *Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015)).

McCoy did not owe an independent duty to Mosley separate from Sugar Factory's duty. Mosley alleges that McCoy acknowledged that she knew about the liquid on the floor, Doc. 1-4, Pet., ¶ 9, "was directly responsible for managing the hostess station where the Incident occurred," *id.* ¶ 15, and that the premises "[were] under her watch and control." *Id.* ¶ 24. But nowhere does Mosley contend that any of McCoy's alleged failures breached a duty that *McCoy* owed Mosley, separate from Sugar Factory's own duty. And it is not enough to allege that McCoy knew about the spilled liquid. "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000).

No special relationship or circumstance exists here. Mosley does not allege that McCoy created the danger. *See id.* (imposing a duty on a party who "negligently creates a dangerous situation"). She only alleges that McCoy knew about the danger. And being a manager alone did not impose a duty on McCoy. Throughout the Fifth Circuit, courts have found a manager may have owed a duty only when the manager "played a personal role in creating the dangerous condition at issue." *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CA-300 LY, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014), *report and recommendation adopted*, No. A-14-CV-0300-LY, 2014 WL 12877368 (W.D. Tex. Nov. 4, 2014); *compare Alexander v. Lincare Inc.*, No. CIV A 3:07-CV-1137-D, 2007 WL 4178592, at *5 (N.D. Tex. Nov. 27, 2007) (Fitzwater, C.J.) (remanding a case removed under an improper joinder theory because the employee-defendant "affirmatively engaged in conduct directly affecting"

the plaintiff) *with McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 WL 2947324, at *1, *3 (N.D. Tex. Oct. 13, 2006) (McBryde, J.) (finding a defendant-manager was improperly joined when a plaintiff alleged a box fell on her but did not allege that the manager created the danger). Mosley does not allege that McCoy played a personal role in creating the danger, only that she knew about it.

Mosley's allegation that McCoy "owed Plaintiff a duty of reasonable care in the operation and maintenance of the premises and breached that duty to remove the dangerous condition," Doc. 1-4, Pet., ¶ 15, is insufficient, because it merely states the duty that *Sugar Factory* owed its invitees. *See Torrington*, 46 S.W.3d at 837 ("Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances.").

Mosley argues that alleging McCoy, "by virtue of [her] position as store manager, had a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm to business invitees is sufficient to demonstrate a reasonable possibility that a Texas court would recognize this duty." Doc. 6, Mot. Remand, 5 (quoting *Valdes v. Wal-Mart Stores, Inc.*, Nos. 97-20179, 97-20610, 1998 WL 648571, at *1 (5th Cir. Sept. 4, 1998)). But the *Valdes* Court relied on *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883 (Tex. App.–Beaumont 1952, writ denied), which is no longer good law. *See Monreal v. Walmart Inc.*, No. 2:21-CV-00278, 2022 WL 500588, at *1 (S.D. Tex. Feb. 18, 2022). And the *Valdes* Court explicitly declined to find that a defendant-manager had to have an independent duty because "*Leitch* was not a premises case." *Valdes*, 1998 WL 648571, at *5 n.6. Therefore, it found that although *Leitch* held that individual liability extends to an employee only when the employee "owes an independent duty of reasonable care to the injured party *apart from the employer's duty*," *Leitch*, 935 S.W.2d at 116, the court could not "say with full confidence that it will

be applied outside of the employer-employee context." *Valdes*, 1998 WL 648571, at *5 n.6. The Texas Supreme Court has addressed the issue since *Valdes*, extending *Leitch*'s independent duty requirement to both the premises liability and invitor-invitee contexts. *See Tri*, 162 S.W.3d at 562–63.

Accordingly, the Motion to Remand is denied. Because Defendant Je'Miracle McCoy was improperly joined, the Court dismisses McCoy without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When . . . a court determines that a nondiverse party has been improperly joined . . . , that party must be dismissed without prejudice.").

## IV.

## CONCLUSION

Mosley's Motion to Remand (Doc. 6) is **DENIED**. Because the Court lacks subject-matter jurisdiction over Je'Miracle McCoy, she is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: March 31, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE